CRAIN, Judge.
This is an appeal from a judgment of the trial court finding defendant, Paul A. Iva-nyisky, negligent and plaintiff, Lowell V. Lewis, contributorily negligent in an automobile collision, thus rejecting plaintiffs claim for damages.
FACTS
The accident occurred on October 15, 1979 at approximately 9:30 p.m. at the intersection of Louisiana Highway 43 (La. 43) and U.S. Highway 190 (U.S. 190) in the town of Albany, Louisiana,, located in Livingston Parish. The speed limit in Albany is 35 m.p.h. The defendant was travelling south on La. 43 and had maintained a speed of 5-10 m.p.h. after crossing railroad tracks some 300 feet before the intersection. He entered the intersection and turned left on U.S. 190 without signaling. He did not observe plaintiffs vehicle approaching him from the south on La. 43 and entering the intersection as he began his turn. The two vehicles collided in the intersection causing the complained of damage.
Plaintiff subsequently filed suit in tort for damages against Paul A. Ivanyisky and his auto liability insurer, Horace Mann Insurance Company (Horace Mann), and his own uninsured motorist carrier, State Farm Mutual Automobile Insurance Company (State Farm). The defendants answered denying liability and alternatively pled contributory negligence of the plaintiff. The defendants also reconvened against plaintiff and his insurer, State Farm, for damages for repair of Ivanyisky’s truck.
After trial on the merits, the trial judge found that defendant, Paul A. Ivanyisky, was negligent in making a hazardous left turn without ascertaining whether the way was clear to do so, and that such negligence was a proximate cause of the accident. The trial judge also found that the plaintiff was contributorily negligent by driving under the influence of alcohol and speeding. Based on those findings, the trial court dismissed the plaintiffs main demand against Ivanyisky, Horace Mann and State Farm. He also dismissed Ivanyi-sky and Horace Mann’s reconventional demand against the plaintiff and State Farm. This appeal is only from that portion of the judgment dismissing plaintiffs claim against Ivanyisky, Horace Mann, and State Farm.
On appeal, plaintiff lists only two assignments of error:
1. The trial court erred as a matter of law in failing to properly apply the doctrine of “last clear chance” to the facts of this case.
2. The trial court erred in finding that the alleged contributory negligence of Lowell V. Lewis proximately caused the accident sued on.
CONTRIBUTORY NEGLIGENCE
The trial court based its finding of contributory negligence on the fact that appellant was “driving while under the influence of the beers, which he had previously had and he was exceeding the speed limit in the municipality at the time and was also exceeding the safe speed considering the fact that he was approaching a major intersection in the small town of Albany.”
In the case of Bennett v. United States Fidelity and Guaranty Company, 373 So.2d 1362, 1366 (La.App. 1st Cir.1979), writ denied 376 So.2d 1269 (1979), in a factual situation remarkably similar to the one at hand, this court stated that in order for a claim to be barred by contributory negligence, “(T)he record must support the *528 conclusion that the accident could have been avoided had plaintiff been going within the posted speed limit or if he had not consumed alcohol.” In Bennett, as in the case before us, the defendant made a left turn crossing the path of the plaintiff’s oncoming vehicle. The trial court held that the defendant’s negligence was the sole legal and proximate cause of the accident despite the fact that the plaintiff admitted to alcohol consumption prior to the accident and the record established that the plaintiff was exceeding the speed limit by approximately 15 miles per hour. This court affirmed the lower court’s holding stating:
The record does allow one to speculate as regards impairment of driving ability in relation to vital time and distance measurements. However, speculation will not suffice to show that when Ms. Spears executed her left turn the plaintiff was a considerable distance away and that at least partly because of his speed and slow reaction time the accident occurred. 373 So.2d at pg. 1366.
We also note the following from Bland v. Interstate Fire and Casualty Co., 311 So.2d 480, 482 (La.App. 4th Cir.1975): “The fact that a motorist involved in an accident was speeding or intoxicated does not in and of itself require a finding of liability. Speed and intoxication do not directly cause accidents, but rather influence behavior and result in acts or omissions which cause accidents.”
We agree with the trial judge’s factual finding that the plaintiff was under the influence of alcohol to some degree and was exceeding the speed limit. However, the record is void of evidence that these were substantial factors contributing to the accident. Bland, 311 So.2d at 482. We find absolutely no evidence offered by the defendant that tends to prove that the accident could have been avoided had the plaintiff been going within the posted speed limit or if he had not consumed alcohol. The only evidence offered as to the extent of plaintiff’s intoxication was plaintiff’s own admission that he consumed three to five beers during the four hour period preceding the accident and the investigating officer’s testimony that he smelled alcohol on the plaintiff’s breath following the accident. Plaintiff testified he could have been going as fast as 45 miles per hour — 10 miles in excess of the posted speed limit. Lamar Picou, a witness in the vicinity, estimated the plaintiff’s speed to be “well over 55” by how it sounded as plaintiff drove by. However, Picou did not see the accident. The defendant never observed plaintiff prior to the accident. Plaintiff testified that defendant was some 150 feet from the intersection when he saw him, and he appeared to be going to travel straight north through the intersection since there was no turn indicated. The plaintiff was within 20 to 30 feet of the defendant when the defendant turned suddenly.
Based on this evidence alone, we cannot conclude that the plaintiff’s speed nor the fact that he had consumed an undetermined amount of alcohol was a substantial contributory cause of the accident. We therefore find it necessary to conclude that the negligence of defendant, Paul A. Ivany-isky, was the sole legal and proximate cause of the accident.
DAMAGES
The appellant was employed offshore as a gas compressor technician at the time of the automobile accident. Prior to that collision, he had injured his back in a work-related incident occurring offshore on October 12, 1979. He was transported on shore on October 15, 1979, for the purpose of getting his back examined by Dr. Laughlin G. Winkler in Hammond, Louisiana. It was later that same day that Lewis was involved in the automobile collision in which he sustained injuries to his neck and left knee. He entered the emergency room of the hospital' and was again examined by Dr. Winkler. Dr. Winkler subsequently referred the appellant to Dr. Lawrence Pambrough, an orthopedic surgeon, in connection with the knee injury. The appellant testified at trial that his back condition basically remained the same after the automobile accident.
*529 Lewis was able to return to work as scheduled after the collision; however, he continued to see both Dr. Winkler and Dr. Fambrough through the end of 1979 for both his back and knee problems. On January 8, 1980, Lewis reinjured his left knee when his foot slipped off a ladder at work. The appellant claimed his knee “gave way”, causing him to slip. He again saw Drs. Winkler and Fambrough. After no improvement, Dr. Winkler referred Lewis to Dr. Stuart Phillips, an orthopedic surgeon in New Orleans. Dr. Phillips diagnosed the injury as chondromalacia—a softening of the undersurface of the knee cap which causes pain when it grinds against the patella. Steroid injections were unsuccessful in easing the pain, therefore Dr. Phillips operated on appellant’s knee on May 21, 1980. After recovery from the surgery, the knee only caused Lewis occasional pain upon climbing or bending.
It was Dr. Phillips’ opinion that all Lewis’ knee problems, including the injury caused by his knee “giving way” on the job, were directly attributable to the injury sustained in the auto accident. He further stated that a feeling of “giving way” in the knee is a characteristic symptom of chon-dromalacia. Dr. Phillips estimated that Lewis had a 20% loss of function in the left knee and a 10% loss of function of the left leg. He indicated Lewis would have permanent pain beneath the kneecap upon kneeling or climbing.
Appellant stopped working in April 1980, principally due to his back problem. Before he left work, he was earning approximately $26,000.00 per year. He returned to work on August 25, 1981 at a similar salary.
Based on the above evidence, we find that the knee injury caused by that accident appellant had on the job on January 8, 1980, resulted from a knee condition which was directly attributable to the automobile collision of October 15, 1979. We do not find that plaintiff is entitled to lost wages for that period of time it took for him to recover from the knee surgery, since he was unemployed at the time, having left work earlier principally due to a back condition.
Accordingly, we find the defendant, Paul A. Ivanyisky, liable to Lewis for the following damages:
Medical Expenses $ 3,890.45
General Damages 20,000,00
$23,890.45
For the reasons assigned, the judgment of the trial court is reversed and set aside, and defendants Paul A. Ivanyisky and Horace Mann are ordered to pay the plaintiff damages in the amount of $3890.45 for medical expenses and $20,-000.00 for general damages for pain and suffering. Plaintiff’s suit against defendant State Farm is dismissed.[1] All costs are to be paid by the defendants including expert witness and deposition costs.
REVERSED AND RENDERED.

. State Farm provides plaintiff with underin-sured motorist coverage which is excess insurance over the $25,000 in liability insurance provided by Horace Mann. Horace Mann’s policy limits are sufficient to cover the damages assessed.